**EXHIBIT A**

| | |
|---|---|
| Larimer County Justice Center<br>LARIMER COUNTY, COLORADO<br>201 LaPorte Ave, Suite 100<br>Fort Collins, CO 80521<br>(970) 494-3500<br><br>Plaintiff: DANIEL R. BONTZ<br><br>v.<br><br>Defendant: STATE FARM FIRE AND CASUALTY COMPANY | DATE FILED<br>March 18, 2025 4:12 PM<br>FILING ID: A0759E99768A0<br>CASE NUMBER: 2025CV30245<br><br>**COURT USE ONLY** |
| Attorneys for Plaintiff:<br>Chad T. Wilson, #50736<br>Patrick C. McGinnis, #52194<br>Chad T. Wilson Law Firm, PLLC<br>455 E Medical Center Blvd., Suite 555<br>Webster, Texas 77598<br>Phone: (833) 942-0678<br>Fax: (281) 940-2137<br>Email: eservice@cwilsonlaw.com<br>cwilson@cwilsonlaw.com<br>pmcginnis@cwilsonlaw.com | Case Number:<br><br>Division<br><br>Courtroom |
| **Complaint and Jury Demand** | |

COMES NOW PLAINTIFF, Daniel R. Bontz ("Plaintiff"), by and through Plaintiff's attorneys, Chad T. Wilson Law Firm, PLLC, and Complains against the State Farm Fire and Casualty Company ("State Farm") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs, Daniel R. Bontz, is an individual who resides in Larimer County and is the owner of the subject property, located at 3453 New Castle Drive, Loveland, Colorado 80538-4975 (the "Property").

2. State Farm is licensed to transact business in the State of Colorado.

3. All of the acts described in Plaintiff's Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

4. This Court has personal and subject-matter jurisdiction pursuant to C.R.S. §13-1-124 1(a), (b), (c),

*EXHIBIT A*

and (d).

5. Venue is proper in this Court pursuant to C.R.C.P 98 because all activities alleged in Plaintiff's Complaint occurred in Larimer County and State Farm is licensed to conduct business in Colorado.

**GENERAL ALLEGATIONS**

6. Paragraphs 1 through 5 are incorporated by reference as if fully set forth herein.

7. State Farm issued Policy Number 86-BU-S954-4 (hereinafter the "Policy") to Daniel R. Bontz insuring the Property at all times relevant herein.

8. Daniel R. Bontz was the direct beneficiary of a valid policy of insurance purchased from State Farm which provided coverage for sudden and accidental direct physical loss to the property. The wind and hail damage that occurred at the property on or about July 20, 2024. The damage occurred immediately during the loss.

9. The loss caused extensive and obvious windstorm and hail damage including, the roof and extensive damages to the exterior of Plaintiffs' Property.

10. In order to repair the damaged Property, Daniel R. Bontz filed a claim with State Farm shortly after sustaining the property damage. State Farm acknowledged the claim and assigned it number 06-71K5-61S.

11. State Farm then hired or employed Khymba Johnson ("Johnson") with State Farm to adjust the claim. Johnson, on behalf of State Farm, initially inspected the Property (or had it inspected). Johnson found covered damages totaling $7,588.94 in replacement cost damages. After application of depreciation the deductible, State Farm determined that it owed no money to Bontz.

12. However, State Farm failed to adequately adjust and compensate Daniel R. Bontz for the damage to Plaintiff's Property. Damage to the Property is currently estimated at about $65,548.42 in total damages, including those covered by Defendant.

13. Although Daniel R. Bontz provided to State Farm the necessary documentation evidencing Plaintiffs' losses and establishing State Farm's obligation to pay for such losses, State Farm has refused to pay Daniel R. Bontz the full benefits due under the Policy.

14. Bontz did not agree with State Farm's assessment of his damages and therefore demanded appraisal as per the Appraisal provision of the Policy. Despite all conditions being met for appraisal, State Farm refused to go to appraisal. Bontz had not choice but to file this lawsuit.

15. These actions by State Farm were taken in bad faith, with the intent of delaying payment and reducing the covered benefit that State Farm would have to pay on the wind and hail damage claims submitted by Daniel R. Bontz.

16. State Farm's actions constitute a breach of the express duties set forth in the Policy as well as the

implied contractual duties of good faith and fair dealing that State Farm owes to Daniel R. Bontz.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. The Policy issued by State Farm contained an express or implied covenant of good faith and fair dealing.

19. Daniel R. Bontz paid all premiums and otherwise performed all conditions precedent to recover benefits due under the contract.

20. After filing Plaintiff's claim with State Farm , Daniel R. Bontz provided State Farm with proof that Plaintiff's claim significantly exceeded the amount State Farm was willing to provide to settle Daniel R. Bontz's claim. Despite receiving information that State Farm had underpaid Daniel R. Bontz's claim, State Farm refused to tender the fair and reasonable value of Daniel R. Bontz's claim under the Policy.

21. State Farm breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract with Daniel R. Bontz and by failing to act reasonably and in good faith in investigating and resolving the claims presented by Daniel R. Bontz.

22. As a direct, immediate, and proximate result of State Farm 's breaches of contract, Daniel R. Bontz have suffered injuries, damages, and losses, in an amount which will be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Bad Faith Breach of Insurance Contract)**

23. Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. State Farm entered an insurance contract with Daniel R. Bontz and issued a policy providing coverage for damage to the insured Property.

25. Daniel R. Bontz paid premiums and performed Plaintiff's obligations under Plaintiff's insurance contract with State Farm.

26. As an insurer, State Farm owed certain general duties to Daniel R. Bontz, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claim.

27. State Farm breached these duties to Daniel R. Bontz by delaying or denying payment of covered benefits without a reasonable basis.

28. State Farm acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

a. Failing to properly investigate and evaluate Daniel R. Bontzs' claims for Policy Benefits;
b. Failing to pay Daniel R. Bontz the full benefits owed under the Policy;
c. Failing to pay amounts under the Policy in a timely manner;
d. Failing to effectuate a prompt, fair, and equitable settlement of Daniel R. Bontzs' claims;
e. Failure to give equal consideration to Daniel R. Bontzs' rights and interests as it gave its own interests;
f. Depriving Daniel R. Bontz of the benefits and protections of Plaintiffs' insurance contract with State Farm ;
g. Forcing Daniel R. Bontz to institute litigation to recover amounts due to Plaintiffs under the Policy; and
h. Other conduct that may potentially be revealed through discovery.

**THIRD CLAIM FOR RELIEF**
**(Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)**

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. Daniel R. Bontz were and are first-party claimants who was owed benefits directly under an insurance policy.

31. State Farm accordingly had a statutory duty not to unreasonably delay or deny benefits to Daniel R. Bontz.

32. However, State Farm delayed or denied payment of covered benefits to Daniel R. Bontz without a reasonable basis for their action.

33. As a direct and proximate result of State Farm unreasonable delay and denial, Daniel R. Bontz have suffered injuries, damages, and losses in an amount to be proven at trial.

34. Daniel R. Bontz are entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorney fees, and cost of court.

WHEREFORE, Daniel R. Bontz pray for Judgment in its favor and against State Farm for compensatory damages in an amount that will fully compensate Plaintiff for its injuries, damages, and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law; and such other relief as Plaintiff's Court may deem proper.

**JURY DEMAND**

Plaintiffs demand trial by jury.

Dated March 18, 2025

***EXHIBIT A***

Respectfully Submitted,

<u>*/s/ Chad T. Wilson*</u>
Chad T. Wilson #50736
Patrick C. McGinnis, #52194
ATTORNEY FOR PLAINTIFF
A printed copy of Plaintiff's document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.