**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01286-PAB-CYC

DANIEL R. BONTZ,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,

Defendant.

---

## ANSWER AND JURY DEMAND

---

State Farm Fire & Casualty Company files its Answer and Jury Demand to the Complaint and Jury Demand [ECF No. 4] stating as follows:

### Parties, Jurisdiction, and Venue

1. In response to paragraph 1 to the Complaint and Jury Demand, State Farm admits that Plaintiff, Daniel R. Bontz, is an individual who resides in Larimer County and admits upon information and belief that Bontz resides at and owns a property located at 3453 New Castle Drive, Loveland, Colorado 80538-4975 ("the Property").

2. In response to paragraph 2, State Farm admits that it is licensed to transact business in Colorado.

3. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. In response to paragraph 4, State Farm admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) and Article III, Section 2, Clause 1 of the United States

Constitution. State Farm admits that this Court has personal jurisdiction under the Fourteenth Amendment to the United States Constitution and Colo. Rev. Stat. § 13-1-124. State Farm denies the remaining allegations in paragraph 4.

5. State Farm denies the allegations in paragraph 5 as stated. State Farm admits that venue is appropriate in the United States District Court for the District of Colorado under 28 U.S.C. § 1391.

**Response to General Allegations**

6. In response to paragraph 6, State Farm incorporates by reference its responses to paragraph 1 through paragraph 5 under Fed. R. Civ. P. 10(c).

7. In response to paragraph 7, State Farm admits that it issued a Homeowners Insurance Policy, Policy Number 86-BU-S954-4 (the "Policy"), to Daniel R. Bontz that provided certain property coverage for the Property, subject to the terms, conditions, exclusions, definitions, and deductibles stated in that Policy.

8. In response to paragraph 8, State Farm admits that Bontz is a named insured under the Policy, that the Policy was issued by State Farm, and that the Policy provides coverage for "accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy," subject to the remaining terms, conditions, exclusions, limitations, definitions, and deductibles stated in the Policy. State Farm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. In response to paragraph 10, State Farm admits that Bontz submitted a claim to State Farm for alleged hail and wind damage and that State Farm assigned Claim Number 06-71K5-61S to that claim.

11. In response to paragraph 11, State Farm admits that Khymba Johnson was an External Claim Resource employed by State Farm who assisted in the adjustment and evaluation of Bontz's claim. State Farm admits that its estimate of the Replacement Cost Value of the covered damage to the Property was $7,588.94 before considering sales tax, depreciation, and the Policy's deductible. State Farm admits that adding sales tax raised the Replacement Cost Value to $7,737.93, and that accounting for the deductible and depreciation reduced the actual cash value of the claim to $0.00.

12. State Farm denies the allegations in paragraph 12.

13. State Farm denies the allegations in paragraph 13.

14. In response to paragraph 14, State Farm admits that Bontz demanded appraisal under the Policy and that State Farm determined that appraisal was not an available option to resolve the parties' disagreement based on the plain language of the Policy. State Farm denies the remaining allegations in paragraph 14.

15. State Farm denies the allegations in paragraph 15.

16. State Farm denies the allegations in paragraph 16.

**Response to First Claim for Relief**
**(Breach of Contract)**

17. In response to paragraph 17, State Farm incorporates by reference its responses to paragraph 1 through paragraph 16 under Fed. R. Civ. P. 10(c).

18. Paragraph 18 contains a conclusory legal assertion regarding the existence of a legal duty, not a factual allegation to which a response is required. To the extent that a response is required, State Farm denies that paragraph 18 contains a complete and accurate recitation of the relevant legal standard.

19. State Farm is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 19 and therefore denies them.

20. State Farm denies the allegations in paragraph 20.

21. State Farm denies the allegations in paragraph 21.

22. State Farm denies the allegations in paragraph 22.

**Response to Second Claim for Relief**
**(Bad Faith Breach of Insurance Contract)**

23. In response to paragraph 23, State Farm incorporates by reference its responses to paragraph 1 through paragraph 22 under Fed. R. Civ. P. 10(c).

24. In response to paragraph 24, State Farm admits that it issued the Policy to Bontz, that the Policy is an insurance contract, and that the Policy provided certain property coverage for the Property, subject to the terms, conditions, limitations, exclusions, definitions, and deductibles set forth in the Policy.

25. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. Paragraph 26 contains a conclusory legal assertion regarding the existence of a legal duty, not a factual allegation to which a response is required. To the extent that a response

is required, State Farm denies that paragraph 26 contains a complete and accurate recitation of the relevant legal duty. State Farm admits that it acted in good faith throughout its handling of the claim.

27. State Farm denies the allegations in paragraph 27.

28. State Farm denies the allegations in paragraph 28, including all subparagraphs thereto.

**Response to Third Claim for Relief**
**(Statutory Bad Faith Pursuant to Colo. Rev. Stat. §§ 10-3-1113(3), 1115, and 1116)**

29. In response to paragraph 29, State Farm incorporates by reference its responses to paragraph 1 through paragraph 28 under Fed. R. Civ. P. 10(c).

30. Paragraph 30 contains a conclusory legal assertion that Bontz's is a "first-party claimant," which is a defined term in Colo. Rev. Stat. § 10-3-1115(1)(b)(I), rather than a factual allegation to which a response is required. To the extent that a response is required, State Farm denies that paragraph 30 contains a complete and accurate recitation of the relevant legal standard. State Farm admits that the Court can take judicial notice of the definition of "first-party claimant" under section 10-3-1115(1)(b)(I) and admits that Bontz is seeking property coverage under an insurance policy.

31. Paragraph 31 contains a conclusory legal assertion regarding the existence of a legal duty, not a factual allegation to which a response is required. To the extent that a response is required, State Farm denies that paragraph 31 contains a complete and accurate recitation of the relevant legal standard. State Farm admits that it acted reasonably throughout its handling of the claim.

32. State Farm denies the allegations in paragraph 32.

33. State Farm denies the allegations in paragraph 33.

34. State Farm denies the allegations in paragraph 34.

35. State Farm denies each and every allegation in the Complaint that is not expressly admitted herein.

36. State Farm denies that Bontz is entitled to any of the relief set forth in the "Wherefore" clause on page 4 of the Complaint.

**Other Defenses**

1. Bontz's Complaint may fail to state a claim on which relief may be granted, in whole or in part, against State Farm.

2. All acts and conduct by State Farm were reasonable and undertaken in good faith.

3. Bontz's claims may be barred or limited because State Farm had a reasonable basis for its evaluation of Bontz's claim. *See Am. Family Mut. Ins. Co. v. Hansen*, 2016 CO 46, ¶ 32, 375 P.3d 115, 122.

4. Bontz's claims may be barred by the doctrines of laches, waiver, estoppel, preclusion, failure of consideration, release, and/or accord and satisfaction.

5. Bontz may not be the real party in interest for some or all of his claims.

6. Bontz's claims may be barred or limited to the extent that any of the claimed damages to his Property were caused by an event or occurrence that predated the inception of the Policy.

7. Bontz's alleged damages, if any, may have been preexisting, caused by prior and unrelated events, and have no relation to any alleged weather conditions or events set forth in his Complaint.

8. Bontz's alleged damages, if any, may have been caused by intervening, superseding, or subsequently occurring causes or events, and have no relation to any alleged weather conditions or events set forth in the Complaint.

9. Bontz's alleged damages, if any, may be attributable to his failure to maintain the Property.

10. Bontz's alleged damages, if any, may be attributable to his failure to repair the Property.

11. Bontz's alleged damages, if any, may be attributable to incorrect, improper, and/or negligent design, construction, workmanship, and/or repairs made at the Property.

12. Bontz may have failed to mitigate his damages, if any, as required by law.

13. Bontz's alleged damages, if any, may have been proximately caused, in whole or in part, by Bontz's and/or his representatives' delays, actions, non-action, non-cooperation, contributory negligence, comparative negligence, bad faith, or wrongful acts, which conduct bars or limits his claims, or comparatively diminishes his right to any recovery herein under Colo. Rev. Stat. § 13-21-111, or under applicable Colorado case law.

14. Bontz's alleged damages, if any, may have been caused by the conduct of persons over whom State Farm had no control and for whom State Farm cannot be held responsible. State Farm's liability, if any, is limited to that amount represented by its pro rata share of negligence or fault, if any, determined by the finder-of-fact to have caused or contributed to Plaintiffs' claimed injuries or losses.

15. Bontz's claims may be barred or limited by the "fairly debatable" doctrine, which recognizes the right of an insurer to challenge claims that are fairly debatable. *See Pham v. State*

*Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 572 (Colo. App. 2003); *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 557 (Colo. App. 1998); *Brandon v. Sterling Colo. Beef Co.*, 827 P.2d 559, 561 (Colo. App. 1991).

16. In the event that Bontz recovers on any of his claims against State Farm, State Farm is entitled to setoff or recoupment of any sums previously paid by it to or on behalf of the Bontz's in relation to his claim.

17. Bontz's claims may be barred or limited by the contractual terms, conditions, provisions, limitations, and exclusions in the Policy, including, but not limited to, the Policy's deductible, provisions regarding repair versus replacement of the property, provisions related to the repair or replacement of damaged property, the insureds' duties after a loss, conditions related to the bringing of suits against State Farm, and exclusions, including, but not limited to, wear and tear, marring, mechanical breakdown, corrosion, deterioration, decay, rust, water intrusion, failure to maintain, and weather conditions, and the appraisal clause. This includes, but is not limited to, the provisions of the Policy quoted or cited in State Farm's correspondence of January 21, 2025.

18. Bontz's claims may be barred or limited by his failure to satisfy conditions precedent under the Policy.

19. Bontz's claims may be barred or limited by the "Suit Against Us" provisions in the Policy, which state that State Farm may not be sued unless there has been full compliance with all of the Policy's provisions.

**Reservation of Other Defenses**

State Farm reserves the right to assert other defenses that may be disclosed as discovery,

disclosures, and investigation are accomplished in this case, and will seek leave of Court to amend its Answer, if necessary, in the future.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, respectfully requests that Bontz's Complaint and Jury Demand be dismissed in its entirety and that State Farm have judgment over and against Bontz for all costs incurred herein, expert witness fees, attorney fees, and for such other and further relief as this Court deems just and proper.

**DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY, REQUESTS A JURY TRIAL ON ALL ISSUES.**

Dated this 29th day of April 2025.

THOMPSON, COE, COUSINS, & IRONS, LLP

s/ L. Michael Brooks, Jr.
L. Michael Brooks, Jr.
Paul D. Dinkelmeyer
1700 Broadway, Suite 900
Denver, Colorado 80290
Telephone: (303) 830-1212
Email: mbrooks@thompsoncoe.com
pdinkelmeyer@thompsoncoe.com

**Address of Defendant:**

One State Farm Plaza
Bloomington, IL 61710

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2025, a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** was filed with the Clerk of Court using the CM ECF E-Filing System, and served upon the following counsel of record in this action:

Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
Phone: (833) 942-0678
Email: eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

*Attorney for Plaintiff*

*/s/ Karen M. Zajac*

Karen M. Zajac, Legal Assistant

*[Original Signature on File at the Office of Thompson, Coe, Cousins, & Irons, LLP]*