IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-01286-PAB-CYC

DANIEL R. BONTZ,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

---

**ORDER**

---

This matter comes before the Court on State Farm's Motion for Partial Summary Judgment on Plaintiff's Second and Third Claims for Relief [Docket No. 23]. Plaintiff filed a response, Docket No. 28, and defendant filed a reply. Docket No. 32.

## I. UNDISPUTED FACTS[1]

Between June 29, 2024 and June 29, 2025, plaintiff Daniel R. Bontz had a homeowner's insurance policy with defendant State Farm Fire and Casualty Company ("State Farm"), covering his property in Loveland, Colorado (the "property"). Docket No. 23 at 3, ¶¶ 1-2. Plaintiff presented defendant with an insurance claim for property damage allegedly caused by a wind and hail storm on July 20, 2024. *Id.*, ¶ 3. On July 28, 2024, a State Farm claims representative, Khymba Johnson, sent plaintiff a letter to schedule an inspection of the property. *Id.*, ¶ 4. Ms. Johnson inspected the property on August 1, 2024. *Id.*, ¶ 5. Ms. Johnson's inspection notes state that the roof had bruised

---

[1] The following facts are undisputed unless otherwise noted.

and indented shingles, that the soft metals on the roof had dents due to hail, and that the hail size was greater than one inch in diameter.[2] Docket No. 28 at 11, ¶¶ 46-48. On August 2, 2024, Ms. Johnson requested authority for total roof replacement in the amount of $27,673.49. *Id.*, ¶ 49. Ms. Johnson's request for total roof replacement was reviewed by State Farm representative Ian Gilliam, who only reviewed photographs of the roof and did not physically inspect the property. *Id.*, ¶ 50. Mr. Gilliam overruled Ms. Johnson's authority request.[3] *Id.*, ¶ 51. On August 8, 2024, Ms. Johnson conferred with an on-site trainer and reversed her earlier finding that the roof should be replaced. *Id.* at 12, ¶ 52.

On August 9, 2024, Ms. Johnson prepared an estimate of plaintiff's claim that was emailed to plaintiff. Docket No. 23 at 4, ¶ 8. The estimate found that there was limited storm-related damage to the roof and that the replacement cost value was $7,737.93 and that the depreciation amount, due to the age of the roof and the paint, was $4,964.38.[4] *Id.*, ¶ 9. Plaintiff's policy had a deductible of $3,416. *Id.* at 5, ¶ 14.

---

[2] Defendant states that it is undisputed Ms. Johnson's claim notes use this language, but explains that these findings pre-date other internal reviews of the claim. This is legal argument regarding the weight that should be attributed to Ms. Johnson's initial findings, and it does not serve to dispute any fact. The Court's Practice Standards state that legal argument is not permitted when disputing facts. Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii. The Court deems this fact admitted.

[3] Defendant disputes plaintiff's characterization of what Mr. Gilliam wrote when overruling Ms. Johnson's authority request, but does not dispute that Mr. Gilliam overruled the authority request. Docket No. 32 at 5, ¶ 51.

[4] Plaintiff purports to deny this fact in part. Docket No. 28 at 3-4, ¶ 9. Plaintiff does not, however, dispute that the estimate reflects a replacement cost value of $7,737.93 and depreciation of $4,964.38. *Id.* Plaintiff's partial denial merely consists of legal argument regarding what plaintiff believes the value of the claim should be, unsupported by any citation. *Id.* Legal argument is not permitted when disputing facts, and the Court does not consider such argument to put any facts in dispute. Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.vii. Throughout his

Because the storm-related damage in the August 9, 2024 estimate was below the deductible and depreciation amounts, no payment was issued. *Id.*, ¶ 15. Plaintiff hired Schultz Roofing Company, which provided an estimate for a total roof replacement. *Id.*, ¶ 16. The Schultz Roofing Company estimate was sent to State Farm, but State Farm found that a second inspection was not warranted and that its claims decision would remain unchanged. *Id.*, ¶¶ 16, 18.

Plaintiff hired counsel, who sent a letter to State Farm on December 10, 2024 to invoke the appraisal provision of the policy. *Id.*, ¶ 19. In a January 21, 2025 letter, defendant declined to proceed with appraisal, *id.* at 6, ¶ 21, and, for the first time, invoked wear, tear, and deterioration as a basis for its coverage position. Docket No. 28 at 12, ¶ 59. On March 18, 2025, plaintiff filed this case, bringing claims for breach of contract, statutory bad faith, and common law bad faith. Docket No. 23 at 6, ¶ 22; *see also* Docket No. 4. After litigation commenced, plaintiff retained an expert who completed a report. Docket No. 23 at 6, ¶ 23. Defendant similarly retained an expert after litigation commenced. *Id.*, ¶ 24. Defendant's expert based his opinions, in part, on an inspection of the property conducted on September 19, 2025. *Id.*, ¶ 25; Docket No. 28 at 14, ¶ 69.

On February 26, 2026, defendants filed a motion for partial summary judgment, seeking summary judgment on plaintiff's bad faith claims. Docket No. 23. On March 23, 2026, plaintiff filed a response, Docket No. 28, and on April 10, 2026, defendant

response to defendant's statement of undisputed facts, plaintiff denies various facts "in part" on the basis of legal argument. Docket No. 28 at 2-10. Unless otherwise noted, the Court will not consider any of these partial denials to put a fact in dispute.

filed a reply.[5] Docket No. 32. On April 14, 2026, plaintiff filed a motion for leave to file a sur-reply. Docket No. 33. Defendant filed a response in opposition. Docket No. 34.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011). By contrast, where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets

[5] On May 5, 2025, defendant filed an unopposed motion to correct a scrivener's error in the reply. Docket No. 35. Defendant states that it mistakenly misattributed a quotation in the reply to the wrong case and seeks to correct the citation to reflect the proper case. *Id.* at 1-2. Noting the motion is unopposed, the Court will grant the motion.

this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. Of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Defendant seeks dismissal of plaintiff's statutory and common law bad faith claims. Docket No. 23 at 2-3. Colo. Rev. Stat. § 10-3-1116(a) provides that policy holders who suffer an unreasonable delay or denial of benefits, as defined in Colo. Rev. Stat. § 10-3-1115, may bring an action for twice the covered benefits and attorneys' fees. *See* Colo. Rev. Stat. § 10-3-1116. Pursuant to § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). An insurer's conduct is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). The determination of whether an insurer has breached its duties to the insured is one of reasonableness under the circumstances. *Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008). In Colorado, acting "without a reasonable basis" has been construed to mean pursuing a groundless position that is not supported by credible evidence. *Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp. 3d 873, 878 (D. Colo. 2023)

(quoting *Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00631-PAB-NRN, 2021 WL 4326269, at *5 (D. Colo. Sept. 23, 2021)). The question is whether a reasonable insurer under similar circumstances would have denied or delayed payment of the claim. *Estate of Morris*, 192 P.3d at 523. The reasonableness of an insurer's conduct must be determined objectively, based on proof of industry standards. *Schultz v. GEICO Cas. Co.,* 429 P.3d 844, 847 (Colo. 2018). Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). However, in appropriate circumstances, as when there are no genuine disputes of material facts, reasonableness may be decided as a matter of law. *Estate of Morris*, 192 P.3d at 524.

To prevail on a claim for bad faith delay or denial of insurance benefits under Colorado common law, a plaintiff must establish that her insurer (1) acted unreasonably under the circumstances; and (2) knew of, or had reckless disregard for, the unreasonableness of its actions. *Goodson v. Am. Standard Ins. Co. of Wisc.*, 89 P.3d 409, 415 (Colo. 2004). "The only element at issue in the statutory claim is whether an insurer denied benefits without a reasonable basis." *Cooper*, 653 F. Supp. 3d at 878 (alterations omitted) (quoting *Williams v. Owners Insurance Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (unpublished)). "By contrast, to prove a first-party claim of common law bad faith, a plaintiff must show not only that the insurer's conduct in processing or denying a valid claim was unreasonable but also that the insurer knew its conduct was unreasonable or recklessly disregarded the unreasonableness of its conduct." *Id.* (citing *Travelers Insurance Co. v. Savio*, 706 P.2d 1258, 1275–76 (Colo. 1985)). "Accordingly, a claim of common law bad faith imposes a more exacting standard of proof than a

statutory claim." *Id.* (citation omitted)); *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 975 (Colo. App. 2011) (the "burden of proving th[e] statutory claim is less onerous than that required to prove a claim under the common law for breach of the duty of good faith and fair dealing").

As an initial matter, both parties' briefing focuses primarily on their respective experts. For instance, State Farm argues that its expert's report establishes that defendant acted reasonably in denying plaintiff's claim because the expert report indicates that the property only suffered minimal hail damage. Docket No. 23 at 13-16. Similarly, plaintiff states that his expert's report indicates that there was substantial hail damage to the property. Docket No. 28 at 18. But both experts were retained after litigation had commenced and, more specifically, after defendant made the decision to deny plaintiff's claim. Docket No. 23 at 6, ¶¶ 23-24. Crucially, "[a]n insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 848 (citation omitted). Therefore, because both experts were retained after defendant denied the claim, any information the experts provided could not have played a role in defendant's decision to deny the claim.[6]

Defendant cites three cases for the proposition that the Court may consider its expert's findings in determining whether defendant acted reasonably when denying plaintiff's claim. Docket No. 23 at 13-14. Specifically, defendant cites *El Dueno, LLC v. Mid-Century Ins. Co.*, No. 21-cv-01532-DDD-JPO, 2024 WL 1236245, at *2 (D. Colo.

[6] Both parties accuse each other of impermissibly relying on an expert retained post-litigation, yet rely on an expert retained post-litigation in their own briefing. *See* Docket No. 28 at 15, Docket No. 32 at 10.

Feb. 23, 2024), and *Musel Master, LLC v. Am. Fam. Mut. Ins. Co.*, No. 18-cv-2725-RBJ, 2019 WL 9244886, at *4 (D. Colo. June 24, 2019), for the proposition that an insurance company may rely on an expert report as a reasonable basis for denying a claim. *Id.* But those cases are distinguishable because the insurance companies retained experts and considered the expert reports before making a final decision on the plaintiffs' claims. *El Dueno*, 2024 WL 1236245, at *1; *Musel Master*, 2019 WL 9244886, at *1. State Farm also cites *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970-71 (Colo. App. 1996), for the proposition that a post-litigation expert report can be relevant to bad-faith claims. Docket No. 23 at 13. In *Peiffer*, "the court held that State Farm could present expert testimony of a neuropsychologist that it did not retain until after suit was filed because 'the insurer was not seeking to create new evidence to justify a previous benefits decision. Rather, it was seeking to introduce an expert's opinion on evidence that existed *before* the insurer made its decision.'" *Palmer v. Owners Ins. Co.*, No. 18-cv-01953-JLK, 2019 WL 7290935, at *2 (D. Colo. Nov. 6, 2019) (quoting *Peiffer*, 940 P.2d at 970). Here, while the report of State Farm's expert may be relevant to plaintiff's breach of contract claim and to damages, the report is not relevant to whether State Farm unreasonably delayed or denied plaintiff's hail claim since the report was only created after State Farm had rejected paying any further benefits under the policy. Accordingly, the Court will not consider either expert's report as evidence that defendant acted reasonably or unreasonably.[7]

[7] State Farm argues that "Bontz has no evidence that Peterson's report was inconsistent with industry standards in the engineering field." Docket No. 23 at 16. Because the Court is not considering the expert reports created after suit was filed, the Court will not address this argument.

Plaintiff argues that the fact Ms. Johnson initially recommended, after personally inspecting the roof, that plaintiff be given $27,673.49 for a total roof replacement is evidence that defendant acted unreasonably. Docket No. 28 at 21. The Court agrees. Ms. Johnson's inspection notes indicate that she found indented shingles and dents on soft metal on the roof consistent with hail damage. *Id.* at 11, ¶¶ 46-47. She concluded that the hail was greater than one inch in diameter. *Id.*, ¶ 48. The day after her inspection, Ms. Johnson asked for authorization to pay for a total roof replacement. *Id.*, ¶ 49. Mr. Gilliam overruled this request based on a review of photographs as opposed to a physical inspection. *Id.*, ¶¶ 50-51. On August 8, 2024, Ms. Johnson reversed her earlier belief that a total roof replacement was warranted after conferring with an on-site trainer. *Id.* at 12, ¶ 52. Ms. Johnson's new estimate found that the repair cost for the limited storm-related damage, after depreciation, was less than plaintiff's deductible. Docket No. 23 at 5, ¶ 15. A reasonable jury could conclude that State Farm unreasonably ignored Ms. Johnson's inspection and instead minimized the value of plaintiff's claim. Moreover, the fact that State Farm later declined to conduct a second inspection based on the Schultz Roofing estimate and subsequently invoked wear and tear as a basis for its decision not to reconsider its position could lead a reasonable jury to believe that State Farm unreasonably delayed or denied paying the full amount of plaintiff's claim. A reasonable jury could also conclude that State Farm knew or recklessly disregarded that its denial of the claim was unreasonable because State Farm was aware of Ms. Johnson's inspection when it denied her authorization for a total roof replacement. Accordingly, the Court finds that a reasonable jury could find in favor of plaintiff on his statutory and common law bad faith claims.

Finally, the Court will deny plaintiff's motion to file a sur-reply. For one, the Court has already ruled in favor of plaintiff and does not need a sur-reply to assist in its analysis on this issue. Moreover, plaintiff argues that it should be given leave to file a sur-reply because defendant's reply cites cases that were not cited in its original brief. Docket No. 33 at 1. A district court has discretion to permit a sur-reply if the reply raises new material, including new legal arguments or factual evidence. *Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1008 (D. Colo. 2012) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). Defendant does not make new arguments in its reply; rather, it cites the cases plaintiff identified to establish that some of plaintiff's efforts to dispute material facts ran afoul of the Court's practice standards. *See* Docket No. 32 at 7. Thus, defendant's reply is responsive to plaintiff's response. "Merely responding to arguments and pointing out defects in those arguments in a reply does not constitute new material." *Long v. Blue Shield of Calif.*, No. 24-cv-03352-PAB-CYC, 2025 WL 1397581, at *3 (D. Colo. May 14, 2025), *report and recommendation adopted*, 2025 WL 2093287 (D. Colo. May 30, 2025).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that State Farm's Motion for Partial Summary Judgment on Plaintiff's Second and Third Claims for Relief [Docket No. 23] is **DENIED**. It is further

**ORDERED** that the Unopposed Motion to Correct Scrivener's Error [Docket No. 35] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Partial Motion for Summary Judgment [Docket No. 33] is **DENIED**.

DATED September 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge